**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**ORLANDO DIVISION**

**VICKI DEAN,**

        **Plaintiff,**

**-vs-**                                                              **Case No.  6:06-cv-522-Orl-28DAB**

**COMMISSIONER OF SOCIAL**
**SECURITY,**

        **Defendant.**

_____

**REPORT AND RECOMMENDATION**

**TO THE UNITED STATES DISTRICT COURT**

This cause came on for consideration without oral argument on the following motion filed herein:

> **MOTION:   MOTION TO DISMISS COMPLAINT (Doc. No. 7)**
>
> **FILED:    August 11, 2006**
> _____
>
> **THEREON** it is **RECOMMENDED** that the motion be **DENIED**.

The Commissioner moves to dismiss the Complaint, docketed as filed on April 18, 2006, as untimely. As the Commissioner notes, in order to be timely, this action had to commence on or before April 12, 2006. Plaintiff has failed to file a timely response to the motion, but a review of the record cannot support dismissal here, notwithstanding Plaintiff's failure to respond.

Although the docket sheet reflects that the Complaint was "filed" on April18, 2006 (Doc. No. 1), a review of the Complaint itself reveals a Clerk's Office stamp reading "FILED" along with a

handwritten notation indicating a date of April 12, 2006, and the words "Drop Box." This notation has an "X" mark through it, and there is another Filed stamp, dated April 18, 2006. This indicates that the Clerk's office received the Complaint on April 12, 2006, but did not docket the Complaint as filed until April 18, 2006.[1] Under these circumstances, controlling Eleventh Circuit precedent mandates that the Complaint be considered filed on April 12, 2006, and thus, timely for limitations purposes. *See Rodgers on Behalf of Jones v. Bowen,* 790 F.2d 1550 (11th Cir. 1986) (held that action was "commenced" within Social Security Act judicial review provision when complaint was filed with the court; and complaint was "filed" for statute of limitations purposes when it was in actual or constructive possession of clerk of court, regardless of untimely payment of required filing fee). The motion should be **DENIED** and the Commissioner should be ordered to respond to the Complaint within 20 days of any Order adopting this recommendation.

Failure to file written objections to the proposed findings and recommendations contained in this report within ten (10) days from the date of its filing shall bar an aggrieved party from attacking the factual findings on appeal.

Recommended in Orlando, Florida on August 25, 2006.

*David A. Baker*
DAVID A. BAKER
UNITED STATES MAGISTRATE JUDGE

Copies furnished to:

Presiding District Judge
Counsel of Record

---

[1] The likely scenario is that the Complaint was tendered without the necessary $350.00 filing fee, and unaccompanied by any motion for leave to proceed in forma pauperis.

Courtroom Deputy